IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BLAINE OTIS BIDDINGS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 09 - 1276 |
| | ) | |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| OFFICER JOSHUA DOBBIN, OFFICER | ) | |
| KEITH WILLIAMS, and BORO OF MT. | ) | |
| OLIVER, | ) | |
| | | |
| Defendants. | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.   RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

### II.   REPORT

Plaintiff is a prisoner currently incarcerated at the State Correctional Institution at Pittsburgh, Pennsylvania.  He brings this civil rights action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, against the police officers and municipality who employed said officers, who were involved in a traffic stop which led to Plaintiff's conviction of drug related charges in the Court of Common pleas of Allegheny County on July 23, 2009 for which he was sentenced to a maximum term of imprisonment of ten years.  For the reasons that follow, Plaintiff's Complaint must be dismissed.

### A. Standard of Review

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis ("IFP"), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA.[1] Several of the Defendants are officers or employees of governmental entities. In addition, Plaintiff has been granted leave to proceed in forma pauperis (doc. no. 3). Thus his allegations must be reviewed in

---

1. Sections 1915 and 1915A, as amended, define the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(h); 1915A(c).

accordance with the directives provided in 28 U.S.C. §§ 1915A & 1915(e).  In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2]  Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Notwithstanding, a plaintiff must allege specific facts supporting his claims to withstand dismissal for failure to state a claim.  Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. Dec. 23, 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).

### B. Plaintiff's Claim and Liability under 42 U.S.C. § 1983

In his Complaint, Plaintiff complains that Defendants engaged in an illegal traffic stop and that his conviction for drugs found pursuant to such stop is illegal.  Resolution of Plaintiff's claims is dictated by the teachings of the United States Supreme Court as stated in Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973), and subsequent cases interpreting that opinion.  In Preiser, the plaintiffs were state prisoners who were deprived of good-time credits as a result of disciplinary proceedings; they sought injunctive relief restoring their good-time credits, which would have resulted in their immediate release from confinement.  In making its ruling in Preiser, the Court was called upon to determine the proper relationship between the Civil Rights Act and the federal habeas corpus statute, 28 U.S.C. § 2254.  Despite the admitted "literal applicability" of § 1983 to the action before it, the Court concluded that "when a state prisoner is challenging the very fact or

---

2.  See, e.g., Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), aff'd, 116 F.3d 473 (Table) (4th Cir. 1997).

duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id.*, 411 U.S. at 500.

Over two decades later, the Supreme Court again examined the relationship between the federal civil rights law and habeas corpus actions in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the petitioner was convicted of voluntary manslaughter for killing his wife. While his direct appeal was pending in the state courts, Heck filed a suit under 42 U.S.C. § 1983 against the prosecutors in his criminal action and various members of the state police department. The complaint alleged that the defendants had engaged in an unlawful investigation and had knowingly destroyed exculpatory evidence. Heck sought compensatory and punitive damages but did not seek injunctive relief or release from custody. After reviewing its origin and history, the Court determined that the civil rights law was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages. In so concluding, the Court announced the following rule.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. <u>Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any

4

outstanding criminal judgment against the plaintiff, the action should
be allowed to proceed, in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted) (emphasis added).

In order to succeed on his claim, this Court necessarily must conclude that Plaintiff's criminal conviction is unlawful because it was based on an illegal traffic stop. To the extent that he still is serving any portion of that sentence and is seeking immediate release from prison because of Defendants' actions, he is precluded from seeking such relief through a civil rights complaint because, under Preiser, a federal habeas corpus petition is his only available avenue for immediate release. To the extent that Plaintiff is seeking monetary damages for the length of time he has been "unlawfully incarcerated," he is precluded from seeking such relief under the Supreme Court's pronouncement in Heck because a judgment in his favor necessarily would implicate the validity of his conviction. As such, Plaintiff's section 1983 claim is not cognizable. Heck, 512 U.S. at 486. *See also* Mitchell v. Department of Corrections, 272 F.Supp.2d 464, 473 (M. D. Pa. 2003) (holding that the favorable termination rule of Heck, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking § 1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release).

Here, Plaintiff has not demonstrated that he successfully has challenged his 2009 conviction. Accordingly, he cannot pursue his claim that Defendants violated his constitutional rights in this civil rights action until he can show that his conviction is legally invalidated through a writ of habeas corpus or other available means. *Accord* Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000) (affirming dismissal of complaint for failure to state a claim of former inmate seeking damages pursuant to § 1983 for unconstitutional imprisonment because he had not satisfied the favorable termination requirement of Heck), *cert. denied*, 532 U.S. 971 (2001).

III.    **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983.

In accordance with the applicable provisions of the Magistrate Judges Act [28 U.S.C. § 636(b)(1)(B) & (C)] and Rule 72.D.2 of the Local Rules of Court, the parties shall have fourteen days from the date of the service of this report and recommendation to file written objections thereto. Any party opposing such objections shall have fourteen days from the date on which the objections are served to file its response. A party's failure to file timely objections may constitute a waiver of that party's appellate rights.

Dated: January 4, 2010

Lisa Pupo Lenihan
U.S. Magistrate Judge

cc:     Blaine Ottis Biddings
        CL-1129
        S.C.I. Greensburg
        165 SCI Lane
        Greensburg, PA 15601

6